FILED

2011 Dec-30  PM 03:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED

2011 DEC 29  P 1: 35

U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTHERN ALABAMA

A# 036707117

NEIL ROBERTS

                Petitioner

      v.

ERIC HOLDER, U.S. ATTORNEY GENERAL;
JANET NAPOLITANO, SECRETARY OF THE
DEPARTMENT OF HOMELAND SECURITY;
PHILIP T. MILLER, U.S. DHS/ICE FIELD OFFICE
DIRECTOR FOR THE NEW ORLEANS OFFICE;
SCOTT HASSELL, WARDEN OF ETOWAH
COUNTY DETENTION CENTER;

                Respondents

---

## PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2241

Petitioner, Neil Roberts, appearing *pro se*, hereby petitions this Court for a writ of habeas corpus and seeks declaratory and injunctive relief to review the lawfulness of his detention by the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) for more than six months because ICE has been unable to obtain the travel documents necessary to deport him to Guyana. In support of this Petition and Complaint, petitioner alleges as follows:

### CUSTODY

1.    Petitioner is in legal and physical custody of respondents and detained at the Etowah County Detention Center at 827 Forrest Avenue, Gadsden Alabama, pursuant to a contractual agreement with the Department of Homeland Security.  Petitioner is under direct control of respondents and their agents.

## JURISDICTION

2. This action arises under the United States Constitution of the United States, and the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. 1101 *et seq.*, as amended by Illegal Immigration Reform and Immigration responsibility Act of 1996 ("IRIRA"), pub. L. No.104 – 208, 110 Stat. 1570, and the Administrative Procedure Act, 5 U.S.C. § 701 et seq. (the APA).

3. Jurisdiction exists in this Court pursuant to 28 U.S.C. 2241, Habeas Corpus Jurisdiction; Art. I § 9, cl. 2 of the United States Constitution ("Suspension Clause"), and 28 U.S.C. 1331 ("Federal question Jurisdiction"), the APA, 5 U.S.C. 701 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. 2201 et seq., as the Petitioner is presently in custody under color of authority of the United States, and such custody is in violation of the Constitution, laws and treaties of the United States. The Court may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 702, and the All Writs Act, 28 U.S.C. 1361.

4. Petitioner has exhausted any and all administrative remedies to the extent required by law.

## VENUE

5. Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493-500 (1973), venue lies in the United States District Court for the District of Alabama, the judicial district in which petitioner is currently detained.

## PARTIES

6. Petitioner Neil Roberts is a native and citizen of Guyana. Petitioner was first taken into the ICE custody on January 26th, 2010 and has remained in their custody continuously since that date. Petitioner's removal order became final on April 12, 2011.

7. Respondent-defendant Scott Hassell is sued in his official capacity as the Warden and Officer-in-Charge at the Etowah County Detention Center.  In this capacity he maintains responsibility over the day-to-day operations where petitioner is presently detained under the authority of ICE, and alternatively may be considered Petitioner's immediate custodian.

8.  Respondent-defendant Phillip T. Miller is sued in his official capacity as the Field Operations Director of New Orleans, (the office that handles Etowah County, Alabama detainees), for ICE DRO. As such, he is the designee of the Acting Director of ICE DRO for the New Orleans district, including jurisdiction of detainees held in Alabama State and City jails and is Petitioners immediate custodian. See Vasquez v. Reno 233 F3d 688, 690 (1stCir. 2000) cert. denied. 122 S. Ct. 43 (2001).

9.  Respondent-defendant Eric Holder is sued in his official capacity as the Attorney General of the United States. In this capacity, he is responsible for the administration of ICE and the implementation and enforcement of the Immigration and Naturalization Act (INA). As such this Respondent has ultimate custodial authority over Petitioner.

10. Respondent-defendant Janet Napolitano is sued in her official capacity as Secretary of the Department of Homeland Security. In this capacity she is responsible for the administration of ICE and the implementation and enforcement of INA, the immigration laws pursuant to 8 U.S.C. 1103(a) and has LEGAL custodial authority over Petitioner.

## FACTS and FACTUAL ALLEGATIONS

11. Petitioner Neil Roberts is a native and citizen of Guyana. Petitioner has been in ICE custody since January 26, 2010. An immigration Judge ordered petitioner removed on November 1st 2010, on the basis that he had been convicted of a crime, which constituted a removable offense pursuant to INA 237. The BIA denied petitioner's appeal on April 12, 2011 (see EX- A).

12. Petitioner first entered the United States on or about September 25th 1982 in New York, JFK airport.

13. Petitioner entered as a lawful permanent resident. Petitioner has since resided in the State of New York.

14.    Petitioner is married to a US Citizen and has four children, all of whom were born in the US (see EX-B).  Petitioner parents, though deceased were both US Citizens and Petitioner has 4 US Citizen Sisters and 2 US Citizen brothers, (see EX-C).

15.    Petitioners petition for review to the United States Court of Appeals is still pending as of April 21st 2011.

16.    Petitioner was taken into custody by ICE on January 26, 2010 and has been in the continuous custody of ICE for more than six months since his final removal/deportation/exclusion order became final by the BIA on April 12, 2011.

17.    To date ICE has been unable to remove Petitioner to Guyana or any other country.  It is Petitioner's  understanding that ICE is unable to obtain travel documents from the Guyana consulate.

18.    Petitioner has cooperated fully with all efforts by ICE to remove petitioner from the United States.  Petitioner has signed ICE required documents, provided his correct name and biometric information (see EX-D).

19.    Petitioner's most recent custody review took place on or about July 7, 2011.  Petitioner on July 7th, 2011 was served with a written decision by ICE that I will not be released and my detention will continue indefinitely, if necessary another review date a year from said date (see EX-E).

20.    In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that six months is the presumptively reasonable period during which ICE may detain aliens in order to effectuate their removal.  Id at 702.  This was found to apply to inadmissible aliens also.

21.    Petitioner was ordered removed by an IJ on November 1st, 2010 and the order became final when the BIA denied the appeal on April 12, 2011; therefore the presumptively reasonable period of six months ended on October 12th 2011.

22.    Without intervention from this Court, Petitioner whom has been detained by ICE since 2010, will face continued indefinite detention, possibly for several more years.

23.    If released, Petitioner will reside at 106-05 Flatlands Ave. Apt 2B, Brooklyn New York 11236.

**CLAIMS FOR RELEIF**

**COUNT ONE**

**(Detention in Violation of the Statute and Regulations)**

24. Petitioner repeats and re-alleges the allegations contained in paragraphs 1 through 22 above as though set forth fully herein.

25.    Section 241 of the Immigration and Nationality Act permits the detention of an alien with a final order of removal for a period of 90 days. Beyond the statutory period, the Supreme Court has held that six months is a presumptively reasonable period of detention for the government to effect removal. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Once six months have passed, the alien must be released if there is no reasonable likelihood of removal in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 699-700. In this case, ICE has detained petitioner for more than six months since the issuance of his final order of removal.  In Clark the Supreme Court held that the continued indefinite detention of someone like Petitioner under such circumstances is unreasonable and not authorized by 8 U.S.C. § 1231 (a) (6).  DHS administrative regulations also recognize that HQPDU has a six month period for determining whether there is significant likelihood of an Aliens removal in reasonable foreseeable future 8 C.F.R. § 241.13(b)(2)(ii).

26.    No special circumstances exist to justify petitioners continued detention:

a.    Petitioner is not an alien with a highly contagious disease posing a danger to the public. See 8 C.F.R. 241.14(b).

b.    Petitioners release would not cause serious adverse foreign policy consequences. See 8 C.F.R. 241.14(c)(1)(ii). There is no indication that Petitioners release would have serious adverse foreign policy consequences.

c.    Petitioner was never and is not now detained on account of security or terrorism concerns. See 8 C.F.R. 241.14(d)(1).

26.    Because there is no significant likelihood of removal in the reasonably foreseeable future, and because none of the special circumstances exist here to justify petitioners continued detention, petitioner must be released under ICE supervision.

**COUNT TWO**

**(Substantive Due Process Violation)**

27.    Petitioner repeats and re-alleges the allegations set forth in paragraphs 1 through 26 as though set forth fully herein.

28.    There is no significant likelihood that petitioner will be removed in the foreseeable future.

29.    As a person in the United States, the Due Process Clause of the Fifth Amendment protects Petitioner. Petitioner's continued detention violates his right to substantive due process, depriving him of his core liberty interest to be free from bodily restraint. The Due Process Clause of the Fifth Amendment requires that the deprivation of Petitioner's liberty be narrowly tailored to serve compelling government interest. While Respondents might have a compelling government interest in assuring Petitioner's presence at the time of deportation, that interest does not justify petitioner's indefinite detention where he is unlikely to be deported. Because Petitioner is unlikely to be removed to Guyana, his continued indefinite detention violates substantive due process. The Supreme Court in Zadvydas relied on the legal maxim, "cessante ratione legis cessat ipse lex" the rational of a legal rule no longer being applicable, that rule itself no longer applies. If petitioner can no longer be removed in the reasonable foreseeable future, the purpose of § 1231 is no longer present and continued detention is no longer authorized. Petitioner is not dangerous, not a flight risk, and cannot be removed, his indefinite detention is not justified and violates substantive due process. *See Zadvydas*, 533 U.S. at 690-91.

## COUNT THREE
## PROCEDURAL DUE PROCESS VIOLATION

30.    I Petitioner repeats and re-alleges the allegations contained in paragraphs 1 through 28 above as though set forth fully herein.

31.    Under the Due Process Clause of the Fifth Amendment, an alien is entitled to a timely and meaningful opportunity to demonstrate that he should not be detained.  Petitioner in this case has been denied that opportunity.  There is no administrative mechanism in place for the petitioner to obtain a decision from arbiter or appeal a custody decision that violates; see Martinez.  8 C.F.R. § 212.12.  The custody review procedures for some aliens are constitutionally insufficient both as written and applied.  A number of Courts have identified a substantial bias within ICE toward the continued detention of aliens, raising the risk of an erroneous deprivation to unconstitutionally high levels.  See e.g. Phan v. Reno, 56 F Supp. 2d 1149, 1157 (W.D. Wash. 199) ("INS does not meaningfully and impartially review the Petitioner's custody status".); St. John v. McElroy, 917 F. Supp. 243, 251 (S.D.N.Y. 1996) (Due to political and community pressure, INS, an executive agency, has every incentive to continue to detain aliens with aggravated felony convictions. Even though they have served their sentences, on the suspicion that they may continue to pose a danger to the community.") see also Rivera v. Demore, No. C 99-3042 THE 1999 WL 521177, *7 (N.D. Cal. Jul. 13, 1999) (procedural due process requires that an alien release determination be made by an impartial adjudicator due to agency bias).

32.    In Zadvydas, the Supreme Court recognized that Aliens released from custody paramount to Zadvydas, would be subjected to orders of Supervision and could be subjected to conditions "supervised release" See Zadvydas 533 U.S. at 696.  Zadvydas does not provide for the continued detention of an alien to complete rehabilitation program where the Alien cannot be repatriated in the reasonable foreseeable future.

### PRAYER FOR RELIEF

WHEREFORE, petitioner prays that this Honorable Court grant the following relief:

1.      Assume jurisdiction over this matter;

2.      Issue an Order:

a.      Declaring that petitioners continued detention is not authorized by the INA and/or violates the
        Fifth Amendment;

b.  Granting this petition for a Writ of Habeas Corpus and directing the Respondents to immediately
    release petitioner whether directly or under an order of supervision;

3.      Enter preliminary and permanent injunctive relief enjoining Respondents from further unlawful
detention of Petitioner;

4.      Grant any other and further relief this Court may deem just and appropriate.

        I affirm, under penalty of perjury, that the foregoing is true and correct.


        Date Executed: December 28, 2011


                                          Petitioner:

                                          Neil Roberts

                                          Neil Roberts

## AFFIDAVIT IN SUPPORT

I Neil Roberts, being duly sworn depose and say that on the 28 of December, 2011 I caused to be served on the parties listed below a true and foregoing copy of the enclosed Petition for Writ of Habeas Corpus via delivery to the Etowah County Detention Center mailroom officer, postage prepaid and addressed to:


United States District Court
Northern District of Alabama
302 Federal Courthouse
101 Holmes Avenue
Huntsville, AL 35801


Under penalty of perjury of the United States codified at 28 USC 1746.

Dated: December 28 2011

Respectfully;

Neil Roberts

MY COMMISSION EXPIRES APRIL 27, 2014

# EXHIBIT -A



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

ROBERTS, NEIL WINSLOW                    DHS/ICE Office of Chief Counsel - NYD
A036-707-117                                        201 Varick, Rm. 1130
30-35 Hackensack Ave                            New York, NY 10014
Kearny, NJ 07032

Name: ROBERTS, NEIL WINSLOW                    A036-707-117

Date of this notice: 4/12/2011

Enclosed is a copy of the Board's decision in the above-referenced case. This copy is being provided to you as a courtesy. Your attorney or representative has been served with this decision pursuant to 8 C.F.R. § 1292.5(a). If the attached decision orders that you be removed from the United States or affirms an Immigration Judge's decision ordering that you be removed, any petition for review of the attached decision must be filed with and received by the appropriate court of appeals within 30 days of the date of the decision.

Sincerely,

Donna Carr

Donna Carr
Chief Clerk

Enclosure

Panel Members:
    Grant, Edward R.

04-12-11  05-12-11  30 days

**U.S. Department of Justice**                                    Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 22041

File:    A036 707 117 - New York, NY                    Date:       APR 12 2011

In re:   NEIL WINSLOW ROBERTS

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:      Joshua E. Bardavid, Esquire

ON BEHALF OF DHS:             Catherine G. Baker
                              Assistant Chief Counsel

APPLICATION:    Asylum; withholding of removal; Convention Against Torture

The respondent, a native and citizen of Guyana, appeals the Immigration Judge's decision of November 1, 2010, denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The appeal will be dismissed.

We review the findings of fact, including the determination of credibility, made by the Immigration Judge under a "clearly erroneous" standard, and review all other issues, including whether the parties have met their burden of proof, and issues of discretion, under a *de novo* standard. 8 C.F.R. §§ 1003.1(d)(3)(i), (ii). Because the respondent's asylum application was filed after May 11, 2005 (Exh. 5), it is governed by the provisions of the REAL ID Act. *Matter of S-B-*, 24 I&N Dec. 42 (BIA 2006).

The respondent conceded that he is removable from the United States under sections 212(a)(2)(A)(i)(I), (II) of the Immigration and Nationality Act, 8 U.S.C. §§ 1182(a)(2)(A)(i)(I), (II) (Exh. 1). The respondent does not contest on appeal the Immigration Judge's denial of his applications for asylum and withholding of removal. We therefore consider these matters waived. The respondent argues that, contrary to the Immigration Judge's determination, he established that he would be tortured in Guyana because "his father was a high ranking prison official, and individuals will take revenge on him for his father's actions in that capacity" (Resp. Brief at 13). The respondent also asserts that the Immigration Judge erred by requiring corroborating evidence in the absence of a finding that he was not credible.

We agree with the Immigration Judge that the respondent did not meet his burden to establish eligibility for protection under the CAT. It is the respondent's burden to establish that it is more likely than not that he would be tortured if removed to the proposed country of removal. 8 C.F.R. § 1208.16(c)(2); *see also Kyaw Zwar Tun v. INS*, 445 F.3d 554, 556-67 (2d Cir. 2006) (the CAT requires proof of something more severe than the kind of treatment that would suffice to prove persecution for asylum relief). The respondent's testimony alone, if credible, may be sufficient to sustain the burden of proof without corroboration. 8 C.F.R. §1208.16(c)(2). In this case, the

A036 707 117

respondent's credible testimony did not establish that it was more likely than not that he would be tortured in Guyana. The respondent does not submit that he was ever tortured or even mistreated in the past. Further, the State Department's country background report found that except in four cases in which police reportedly shot victims while attempting to make an arrest, the government generally respected the human rights of its citizens (Exh. 7, Bureau of Democracy, Human Rights and Labor, U.S. Dep't of State, Guyana Country Reports on Human Rights Practices – March 2010. *See* 8 C.F.R. §§1208.16(c)(3)(i),(iv) (evidence of past torture and information regarding conditions in the country of removal are relevant to assess possibility of future torture). The respondent's brief mentions portions of a 2004 United States Department of Homeland Security ("DHS") report which was not made part of the record below and purports to show that criminal deportees are subject to surveillance and possible targeting by a "hit squad" (Resp. Brief at 22-23). This evidence, and argument that the respondent might be targeted as a returning criminal deportee, is raised for the first time on appeal (*see* I.J. at 6). We are generally precluded from considering new evidence on appeal. *Matter of Fedorenko*, 19 I&N Dec. 57, 74 (BIA 1984). Even if we were to consider the document, it noted that the surveillance program's implementation was delayed due to police concerns for individual citizens and it contained no evidence that alien criminals returned to Guyana are subject to torture (Resp. Brief, attachment "United States Bureau of Citizenship and Immigration Services, *Guyana: Information on the Treatment of Criminal Deportees – 2004*"). Moreover, the State Department's recent country background report does not indicate that returning criminal aliens are tortured (Exh. 7). *See generally Matter of H-L-H- & Z-Y-Z-*, 25 I&N Dec. 209 (BIA 2010) (State Department reports on country conditions are highly probative evidence and are usually the best source of information on conditions in foreign nations).

Since the respondent's application is subject to the provisions of the REAL ID Act, corroborating evidence, or the lack thereof, may be considered by the Immigration Judge. Where the trier of fact determines that the respondent should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence. *See* section 208(b)(1)(B) of the Act. Under the REAL ID Act an Immigration Judge, weighing the evidence to determine if the alien has met his burden, may rely on the absence of corroborating evidence from an otherwise credible applicant unless such evidence cannot be reasonably obtained. *See Liu v. Holder*, 575 F.3d 193, 197 (2d Cir. 2009). Contrary to the respondent's argument on appeal, the Immigration Judge identified the type of corroborating material that could have been reasonably provided (*see* Resp. Brief at 15). The Immigration Judge found that the respondent did not submit documentation regarding his father's actual position, or corroboration to show that his father mistreated any of the inmates in the prison (I.J. at 3). Nor did the respondent submit evidence that the government would turn a blind eye to prison workers or their families who may have been threatened by former prisoners (I.J. at 4). The respondent also offered no documentary evidence to support his testimony that aliens returned to Guyana have their photos posted in the newspaper, or that such a newspaper posting would include details identifying the respondent as the son of former prison official who retired nearly 3 decades ago (I.J. at 5). Importantly, the respondent does not contend that anyone is currently interested in him in Guyana (*see* I.J. at 4). Upon this evidence, we do not conclude that the respondent met his burden to prove that it was more likely than not he would be tortured by or "at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity" upon removal to Guyana. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a). Accordingly, the following order shall be issued.

A036 707 117

ORDER:  The appeal is dismissed.

FOR THE BOARD

EXHIBIT - B

THE CITY OF NEW YORK
OFFICE OF THE CITY CLERK
MARRIAGE LICENSE BUREAU

License Number

M-2088-B-100009

M-1996-24766

## Certificate of Marriage Registration

This Is To Certify That  **Neil Roberts**

residing at   **123 E.129 St. TH2 , New York        , NY 10035   United States of America**

born on  **6/9/1988**   at   **Georgetown,  , Guyana**

and   **Abena Bernice Brown**
**New Surname: Roberts**

residing at   **123 E.129 St. TH2 , New York        , NY 10035   United States of America**

born on  **8/2/1977**   at   **New York, NY, USA**

### Were Married

on   **10/10/1996**   at   **MANHATTAN**
**By Paula Pagan**                       **1 CENTRE STREET**
**NEW YORK,        NY**

as shown by the duly registered license and certificate of marriage of said persons on file in this office.

CERTIFIED THIS DATE AT THE CITY CLERK'S OFFICE

**Manhattan**        N.Y.                    January 2, 20     08

PLEASE NOTE: Facsimile Signature
and seal are printed pursuant
to Section 11-A, Domestic
Relations Law of New York

Michael McSweeney
First Deputy City Clerk of the City of New York

CET-F

M015972

6 G

0 00214

# CERTIFICATE OF BIRTH

Jul. 27. 2011 1:45PM DEPT. OF HEALTH

2003 FEB 26 P 2:44 ( *Deceased* No.) 156-03-017427

| 1. FULL NAME OF CHILD | First Name | Middle Name | | Last Name | |
|---|---|---|---|---|---|
| | Jada | Nicole | | Taylor | |

| 2. SEX | 3a. NUMBER DELIVERED of this pregnancy | 4a. DATE OF CHILD'S BIRTH | 4b. HOUR | |
|---|---|---|---|---|
| Female | 1 | | | |
| | 3b. If more than one, number of this child in order of delivery | | 02:00 | AM |

| 5. PLACE OF BIRTH | 5a. NEW YORK CITY BOROUGH OF | 5b. Name of Facility (if not) | 5c. TYPE OF PLACE |
|---|---|---|---|
| | Brooklyn | Brookdale Univ. Hosp & Med Ctr | Hospital |

| 6a. MOTHER'S FULL MAIDEN NAME | 6b. MOTHER'S DATE OF BIRTH | 6c. MOTHER'S BIRTHPLACE City & State or foreign country |
|---|---|---|
| Peggy Taylor | | Brooklyn, NY |

| 7. MOTHER'S USUAL RESIDENCE a. State | b. County | 7c. City, town, or location | | Zip | 7e. Inside city limits of 7c? |
|---|---|---|---|---|---|
| NY | Kings | New York | 180 Powell Street Apt. 9A | 11212 | Yes |

| 8a. FATHER'S FULL NAME | 8b. FATHER'S DATE OF BIRTH (Month) (Day) (Year) | 8c. FATHER'S BIRTHPLACE City & State or foreign country |
|---|---|---|
| | | |

| 9a. NAME OF ATTENDANT AT DELIVERY | 9b. I CERTIFY THAT THIS CHILD WAS BORN ALIVE AT THE PLACE, DATE AND TIME GIVEN |
|---|---|
| Pierre Eugene, M.D. | |

Signed _____ Administrator
Name of Signer   Carmen Saliard

| Information added or amended | Address | Brookdale Univ Hosp & Med Ctr   11212 |
|---|---|---|
| (Reason) | Date Signed | *February 31*   Year *2003* |
| Date          City Registrar | | |

**VITAL RECORDS          DEPARTMENT OF HEALTH          THE CITY OF NEW YORK**

Peggy Taylor
180 Powell Street          Apt. 9A
Brooklyn          NY          11212

MOTHER'S MAILING ADDRESS
Copy of this certificate will be mailed to her
when it is filed with the Department of Health.

Above is a Certificate of Birth Registration for your child, which is sent without charge. The Department of Health and Mental Hygiene does not certify to the truth of the statements made thereon, as no inquiry as to the facts has been provided by law. If the certificate contains any errors it is important to have them corrected as soon as possible. You may call (212) 788-4520 for information. Or, you may write to the Corrections Unit, Office of Vital Records, 125 Worth Street- CN4, New York, New York 10013. Forms and instructions are also available on the Department of Health and Mental Hygiene's Web site: www.nyc.gov/health

MAYOR          COMMISSIONER OF HEALTH AND MENTAL HYGIENE          CITY REGISTRAR

Do not accept this transcript unless it bears the security features listed on the back. Reproduction or alteration of this transcript is prohibited by §3.21 of the New York City Health Code if the purpose is the evasion or violation of any provision of the Health Code or any other law.

FEBRUARY 28, 2003.          DOCUMENT No. F.041579

The City of New York

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE





000208

**VITAL RECORDS CERTIFICATE**

## CERTIFICATE OF BIRTH REGISTRATION

### CERTIFICATE OF BIRTH

FAX number
212 939-4609

DATE FILED NEW YORK CITY
DEPARTMENT OF HEALTH

2000 OCT -4 A 8: 42

Birth No. 156-00-092769

| 1. FULL NAME OF CHILD | First Name | Middle Name | Last Name |
|---|---|---|---|
| | Dontay | Teashawn | |

| 2. SEX | 3a. NUMBER DELIVERED of this pregnancy 1 | 4a. DATE OF CHILD'S BIRTH | 4b. HOUR |
| Male | 3b. If more than one, number of this child in order of delivery | | 02:00 AM |

| 5. PLACE OF BIRTH | 5b. BOROUGH OF NEW YORK CITY | 5b. Name of Facility (if not in institution, street address) | 5c. TYPE OF PLACE |
| | Brooklyn | Brookdale Univ. Hosp & Med Ctr | Hospital |

| 6a. MOTHER'S FULL MAIDEN NAME | 6b. MOTHER'S DATE OF BIRTH | 6c. MOTHER'S BIRTHPLACE State or foreign country |
| Peggy Taylor | | Brooklyn, NY |

| 7. MOTHER'S USUAL RESIDENCE a. State | b. County | 7a. City, town, or location | Zip | 7c. Inside city limits of 7c? |
| NY | Kings | New York | 180 Powell Street Apt. 9A | 11212 | Yes |

| 8a. FATHER'S FULL NAME | 8b. FATHER'S DATE OF BIRTH (Month) (Day) (Year) | 8c. FATHER'S BIRTHPLACE City & State or foreign country |
| | | |

| 9a. NAME OF ATTENDANT AT DELIVERY | 9b. I CERTIFY THAT THIS CHILD WAS BORN ALIVE AT THE PLACE, DATE AND TIME GIVEN |
| Kamila Agayova, M.D. | Signed Admin. |
| | Name of Signer Alan Michaels |
| | Address Rockaway Py. & Linden Boulevard 11212 |
| Information added or amended | |
| (Reason) | |
| Date        City Registrar | Date Signed October 2  Year 2000 |

VITAL RECORDS                DEPARTMENT OF HEALTH                THE CITY OF NEW YORK

Peggy Taylor
180 Powell Street           Apt. 9A
Brooklyn           NY      11212

MOTHER'S MAILING ADDRESS
Copy of this certificate will be mailed to her
when it is filed with the Department of Health

Above is a Certificate of Birth Registration for your child, which is sent without charge. The Department of Health does not certify to the truth of the statements made thereon, as no inquiry as to the facts has been provided by law. If the certificate contains any errors it is important to have them corrected as soon as possible. You may call (212) 788-4520 for information. Or, you may write to the Corrections Unit, Office of Vital Records, 125 Worth Street- CN4, New York, New York 10013. Forms and instructions are also available on the Health Department's Web site: www.ci.nyc.ny.us/health

MAYOR            COMMISSIONER OF HEALTH            CITY REGISTRAR

Do not accept this transcript unless it bears the security features listed on back. Reproduction or alteration of this document is prohibited by Sec. 3.21 of the New York City Health Code if the purpose is evasion or violation of any provision of the Health Code or any other law.

DOCUMENT No. E0318689

# EXHIBIT - C

Amy

## THE UNITED STATES OR AMERICA

No. 13428341

### CERTIFICATE OF NATURALIZATION

Petition No. 951545

I. N. S. Registration No. A36 477 278

·ORIGINAL·

Personal description of holder as of date of naturalization: Date of birth September 10, 1935 ; sex Female

complexion Medium ; color of eyes Brown ; color of hair Black ; height 5 feet 4 inches;

weight 160 pounds; visible distinctive marks None

Marital status

Country of former nationality Guyana

I certify that the description above given is true, and that the photograph affixed hereto is a likeness of me.

Leatrice Roberts

(Complete and true signature of holder)

UNITED STATES OF AMERICA } ss:
SOUTHERN DIST. OF NEW YORK }

Be it known that at a term of the _____ District _____ Court of
_____ The United States _____
held pursuant to law at _____ New York City _____
on _____ August 12, 1987 _____ the Court having found that
LEATRICE ROBERTS

then residing at 56-60 West 119th Street, New York, NY

intends to reside permanently in the United States (when so required by the
Naturalization Laws of the United States), had in all other respects complied with
the applicable provisions of such naturalization laws, and was entitled to be
admitted to citizenship, thereupon ordered that such person be and (s)he was
admitted as a citizen of the United States of America.

In testimony whereof the seal of the court is hereunto affixed this 12th
day of August
87.
nineteen hundred and

RAYMOND F. BURGHARDT

Clerk of the _____U. S. District _____ Court.

By _____ Deputy Clerk.

IT IS PUNISHABLE BY U. S. LAW TO COPY,
PRINT OR PHOTOGRAPH THIS CERTIFICATE.

Seal

DEPARTMENT OF JUSTICE

## DESCRIPTION SIGNALEMENT

|  | Bearer Titulaire | Wife Femme |
|---|---|---|
| Profession Profession | Prison Officer | |
| Place and date of birth Lieu et date de naissance | Tarnapt (S.C.D.) Georgana 24th November, 1935. | Georgana. |
| Country of Residence Pays de residence | Republic of Guyana. | Guyana. |
| Height Taille | 5 ft. 8 ins. | ft. in. |
| Colour of eyes Couleur des yeux | Brown | |
| Colour of hair Couleur des cheveux | Black. | |
| Special peculiarities Signes particuliers | — | |

## CHILDREN ENFANTS

| Name Nom | Date of birth Date de naissance | Sex Sexe |
|---|---|---|
| Denzey Roberts 16.11.66 | | (M) |
| Westley Roberts 9.6.68 | | (M) |
| Fabiola Roberts 6.6.69 | | (F) |
| Gale Roberts 12.x.66.7 | | |



00209

# THE UNITED STATES OF AMERICA

No. 13740221

## CERTIFICATE OF NATURALIZATION

Petition No. 964007

·ORIGINAL·

I N S Registration No. A36 707 114

Personal description of holder as of date of naturalization: Date of birth December 12, 1960 ; sex Female ; complexion Dark ; color of eyes Brown ; color of hair Black ; height 5 feet 7 inches; weight 165 pounds; visible distinctive marks None

Marital status Not married Country of former nationality Guyana

I certify that the description above given is true, and that the photograph affixed hereto is a likeness of me.

*Cheryl Ann Roberts*

(Complete and true signature of holder)

UNITED STATES OF AMERICA  } ss:
SOUTHERN DIST. OF NEW YORK

Be it known that at a term of the _____ District _____ Court of

The United States

held pursuant to law at _____ New York City _____

on November 16, 1988 the Court having found that

CHERYL ANN ROBERTS

then residing at 56-60 W 119 Street, New York, NY

intends to reside permanently in the United States (when so required by the Naturalization Laws of the United States), had in all other respects complied with the applicable provisions of such naturalization laws, and was entitled to be admitted to citizenship, thereupon ordered that such person be and (s)he was admitted as a citizen of the United States of America.

In testimony whereof the seal of the court is hereunto affixed this 16th day of November nineteen hundred and 88 .

RAYMOND F. BURGHARDT

Clerk of the U.S. District Court.

By _____ Deputy Clerk.

IT IS PUNISHABLE BY U. S. LAW TO COPY,
PRINT OR PHOTOGRAPH THIS CERTIFICATE,
WITHOUT LAWFUL AUTHORITY.

DEPARTMENT OF JUSTICE

# THE UNITED STATES OF AMERICA

No. 22535844

## CERTIFICATE OF  NATURALIZATION

Personal description of holder
as of date of naturalization:

Date of birth: NOVEMBER 16, 1962

Sex: MALE

Height: 5 feet 10 inches

Marital status: SINGLE

Country of former nationality:

GUYANA



IT IS PUNISHABLE BY U. S. LAW TO COPY,
PRINT OR PHOTOGRAPH THIS CERTIFICATE,
WITHOUT LAWFUL AUTHORITY.

FORM N-550 REV. 6-91

INS Registration No. A36 707 115

I certify that the description given is true, and that the photograph affixed hereto is a likeness of me.

*Vernon L. Roberts*
(Complete and true signature of holder)

Be it known that, pursuant to an application filed with the Attorney General

at: NEW YORK, NY

The Attorney General having found that:

VERNON OSWALD LYNDON ROBERTS

then residing in the United States, intends to reside in the United States when so required by the Naturalization Laws of the United States, and had in all other respects complied with the applicable provisions of such naturalization laws and was entitled to be admitted to citizenship, such person having taken the oath of allegiance in a ceremony conducted by the

U.S. IMMIGRATION & NATURALIZATION SERVICE

at: NEW YORK, NY on: MAY 27TH, 1997

that such person is admitted as a citizen of the United States of America.

Commissioner of Immigration and Naturalization

## DEPARTMENT OF JUSTICE

**THE UNITED STATES OF AMERICA**

No. 21090182

Personal description of holder as of date of naturalization:

*INS Registration No.*  A38 621 527

*I certify that the description given is true, and that the photograph affixed hereto is a likeness of me.*

Date of birth: OCTOBER 12, 1966

Sex: FEMALE

Height: 5 feet 05 inches

*Dawn Gale Roberts*
(Complete and true signature of holder)

Marital status: SINGLE

Country of former nationality:

GUYANA

*Be it known that, pursuant to an application filed with the Attorney General*

at: NEW YORK, NY

*The Attorney General having found that:*

DAWN GALE ROBERTS



*then residing in the United States, intends to reside in the United States when so required by the Naturalization Laws of the United States, and had in all other respects complied with the applicable provisions of such naturalization laws and was entitled to be admitted to citizenship, such person having taken the oath of allegiance in a ceremony conducted by the*

U.S. DISTRICT COURT
FOR THE SOUTHERN DISTRICT

at: NEW YORK, NY

on: JULY 8TH, 1994

*that such person is admitted as a citizen of the United States of America.*

IT IS PUNISHABLE BY U. S. LAW TO COPY.
PRINT OR PHOTOGRAPH THIS CERTIFICATE.
WITHOUT LAWFUL AUTHORITY.

*Commissioner of Immigration and Naturalization*

**DEPARTMENT OF JUSTICE**

FORM N-550 REV. 6-91



# EXHIBIT - D



U.S. Immigration
and Customs
Enforcement

Office of Enforcement and Removal Operations
New York District
201 Varick Street, Room 1219
New York, NY 10014

May 12, 2011

**ROBERTS, Neil Winslow**                          036707117
C/O Hudson County Jail
35 Hackensack Ave
Kearny, NJ 07032

### Notice to Alien of File Custody Review

You are detained in the custody of the Immigration and Customs Enforcement (ICE) and you are required to cooperate with the ICE in effecting your removal from the United States. If ICE has not removed you from the United States within the removal period as set forth in INA 241(a) (normally 90-days) of either: 1) your entering INS/ICE custody with a final order of removal, deportation or exclusion, or 2) the date of any final order you receive while you are in INS/ICE custody, the ICE Deciding Official will review your case for consideration of release on an Order of Supervision. Release, however, is dependent on your demonstrating to the satisfaction of the Attorney General that you **WILL NOT** pose a danger to the community and **WILL NOT** present a flight risk.

Your custody status will be reviewed on or about: **(7/11/11)**. The Deciding Official may consider, but is not limited to the following:

1.  Criminal convictions and criminal conduct;
2.  Other criminal and immigration history;
3.  Sentence(s) imposed and time actually served;
4.  History of escapes, failures to appear for judicial or other proceedings, and other defaults;
5.  Probation history;
6.  Disciplinary problems while incarcerated;
7.  Evidence of rehabilitative effort or recidivism;
8.  Equities in the United States;
9.  Cooperation in obtaining your travel document.
10. Any available mental health problems.

You may submit any documentation you wish to be reviewed in support of your release, prior to the date listed above, to the attention of the Officer and address below. English translations must be provided pursuant to 8 CFR 103.2(b)(3). An attorney or other person may submit materials on your behalf. The Field Director will notify you of the decision in your case. Attached to this notice a list of free or low cost legal representatives ho may be able to provide assistance to you in preparing your case.

U.S. Department of Homeland Security
**Immigration & Customs Enforcement**
**Attn:** J. Rodriguez, Deportation Officer
201 Varick Street, Room 1219
New York, NY 10014

---

## METHOD OF SERVICE

I Certify that this form was provided to the Alien by:          Hand [  ]          (Institution Mail)  [  ]          **PRINT (R)**
                                                                                                                      **INDEX**
(  ) CC:   Attorney of Record or Designated Representative
(  ) CC    A-File

_____          _Jaime Rodriguez_          _5-18-11_
Signature of Officer                Print Name of Officer        Date

I waive my right to a thirty-day notice of review:

Detainee Signature: _____

U.S. Department of Homeland Security
Immigration and Customs Enforcement

**Warning for Failure to Depart**

| Name:<br>**ROBERTS, Neil Winslow** | District Office:<br>**VRK/NYC** | File #:<br>**036707117** |
|---|---|---|

Section 243(a) of the Immigration and Nationality Act provides, in part, that:

Any alien against whom a final order of removal is outstanding by reason of being a member of any of the classes described in section 237(a) who--

(A)   willfully fails or refuses to depart from the United States within a period of 90 days* from the date of the final order of removal under administrative processes, or if judicial review is had, then from the date of the final order of the court,

(B)   willfully fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure,

(C)   connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering the alien's departure pursuant to such, or

(D)   willfully fails or refuses to present himself or herself for removal at the time and place required by the Attorney General pursuant to such order,

shall be fined under title 18, United States Code, or imprisoned not more than four years (or 10 years if the alien is a member of any of the classes described in paragraph (1)(E), (2), (3), or (4) of section 237(a)), or both.

Nothing in this section shall make it a violation to take proper steps for the purpose of securing cancellation of or exemption from such order of removal or for the purpose of securing the alien's release from incarceration or custody.

Any action Immigration and Customs Enforcement may take to obtain a travel document for your departure or to remove you will NOT relieve you of the liability for compliance with the provisions of law referred to in the first paragraph above.

*     Section 241(a)(1)(C) provides for the extension of the statutory removal period if the alien refuses, during the removal period, to make application in good faith, for a travel or other document necessary for the alien's removal or departure or conspires or acts to preve the alien's removal subject to an order of removal.

| Date Order Final:<br>**4/12/11** | Ordered Removed under Section:<br>**212(a)(2)(A)(i)(I), 212(a)(2)(A)(i)(II) of the INA.** |
|---|---|

| **Record of Service**<br>(Check method used) ||
|---|---|
| ( ✕ )      **Record of Personal Service** ||
| Served By: (Print Name and Title of Officer)<br><br>*[signature]* | Date:<br>*[handwritten]* |
| Officer's Signature: *[signature]* | Location of Service: Hudson County Jail |
| Served On: (Alien's Signature)<br>*[signature]* | Date:<br>*[handwritten]* |

| ( )      **Warning administered in Court**<br>(Copy of order attached) | Record of Personal Service (Cont.) |
|---|---|
| ( )      **Certified Mail Service** | Fingerprint of Alien  (Specify finger used) |
| Attach certified mail receipts here. | |

Form I-229(a)
(Revised 12/04/02)

## INSTRUCTION SHEET TO DETAINEE REGARDING REQUIREMENT TO ASSIST IN REMOVAL

The following is a list of things you are required to complete within 30 days of receiving this form, in order comply with your obligation to assist in obtaining a travel document:

*Mandatory requirements will be checked off by the INS officer depending on the facts of each case. Failure to comply or provide sufficient evidence of your inability to comply, may result in the extension of the removal period and subject you to further detention. In addition, you may be subject to criminal prosecution. If you need assistance in complying with any of the requirements, please contact a Deportation Officer.*

⊗     Submit passports (current and expired) to ICE. If you have a copy of your passport, you are to submit it.

⊗     Apply for a travel document/passport from your embassy or consulate, or directly from your government in your native country, or any other embassy or consulate of your native country in another country.

⊗     Comply with all instructions from all embassies or consulates requiring completion of documentation for issuance of a travel document.

⊗     Submit to ICE birth certificates, national identification cards, and any other document issued by a foreign government indicating your citizenship, nationality, place of birth, and place of residence prior to entering the United States.

⊗     Provide names and addresses of family and friends residing in the United States and request that they contact your embassy or consulate in the United States, in order to facilitate the issuance of a travel document.

⊗     Provide names and addresses of family and friends residing in your country of citizenship and request family and friends residing abroad contact your government in reference to issuing a travel document.

⊗     You are required to take measures to request reinstatement of your previous nationality, register as required, or take any other action that will ensure the issuance of a travel document and your removal from the United States.

⊗     Provide ICE with written copies of requests to embassies or consulates requesting issuance of a travel document.

⊗     Provide ICE with written copies of responses from embassies or consulates regarding your requests.

⊗     Solicit permission from another country, which may be able to accept you, to enter that country to effect your removal from the United States.
        Other:_____

Alien's Signature _____ A Number 036707117

Served by: _____ on _____ at Hudson County Jail
            Officer's Name                  Date           Location

**To be served with I-229 (a) no later than 30 days after the final order**

(Rev. 10/24/02)



U.S. Immigration
and Customs
Enforcement

*Office of Enforcement and Removal Operations*
*New York District*
*201 Varick Street, Room 1219*
*New York, NY 10014*

June 2, 2011

## ROBERTS, Neil Winslow                         036707117
C/O Hudson County Jail
35 Hackensack Ave
Kearny, NJ 07032

### Notice to Alien of File Custody Review

You are detained in the custody of the Immigration and Customs Enforcement (ICE) and you are required to cooperate with the ICE in effecting your removal from the United States. If ICE has not removed you from the United States within the removal period as set forth in INA 241(a) (normally 90-days) of either: 1) your entering INS/ICE custody with a final order of removal, deportation or exclusion, or 2) the date of any final order you receive while you are in INS/ICE custody, the ICE Deciding Official will review your case for consideration of release on an Order of Supervision. Release, however, is dependent on your demonstrating to the satisfaction of the Attorney General that you **WILL NOT** pose a danger to the community and **WILL NOT** present a flight risk.

Your custody status will be reviewed on or about: **(7/11/11)**. The Deciding Official may consider, but is not limited to the following:

1.  Criminal convictions and criminal conduct;
2.  Other criminal and immigration history;
3.  Sentence(s) imposed and time actually served;
4.  History of escapes, failures to appear for judicial or other proceedings, and other defaults;
5.  Probation history;
6.  Disciplinary problems while incarcerated;
7.  Evidence of rehabilitative effort or recidivism;
8.  Equities in the United States;
9.  Cooperation in obtaining your travel document.
10. Any available mental health problems.

You may submit any documentation you wish to be reviewed in support of your release, prior to the date listed above, to the attention of the Officer and address below. English translations must be provided pursuant to 8 CFR 103.2(b)(3). An attorney or other person may submit materials on your behalf. The Field Director will notify you of the decision in your case. Attached to this notice a list of free or low cost legal representatives ho may be able to provide assistance to you in preparing your case.

U.S. Department of Homeland Security
**Immigration & Customs Enforcement**
Attn: J. Rodriguez, Deportation Officer
201 Varick Street, Room 1219
New York, NY 10014

---

## METHOD OF SERVICE

I Certify that this form was provided to the Alien by:        Hand [▸ ]        (Institution Mail)   |   ]        PRINT (R)
                                                                                                                  INDEX

( ) CC:  Attorney of Record or Designated Representative
( ) CC:  A-File

_____          _____          _____
Signature of Officer                 Print Name of Officer                    Date

I waive my right to a thirty-day notice of review:

Detainee Signature: _____

U.S. Department of Homeland Security
Immigration and Customs Enforcement

**Warning for Failure to Depart**

| Name: | District Office: | File #: |
|---|---|---|
| ROBERTS, Neil Winslow | VRK/NYC | 036707117 |

Section 243(a) of the Immigration and Nationality Act provides, in part, that:

Any alien against whom a final order of removal is outstanding by reason of being a member of any of the classes described in section 237(a) who--

(A)   willfully fails or refuses to depart from the United States within a period of 90 days* from the date of the final order of removal under administrative processes, or if judicial review is had, then from the date of the final order of the court,

(B)   willfully fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure,

(C)   connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering the alien's departure pursuant to such, or

(D)   willfully fails or refuses to present himself or herself for removal at the time and place required by the Attorney General pursuant to such order,

shall be fined under title 18, United States Code, or imprisoned not more than four years (or 10 years if the alien is a member of any of the classes described in paragraph (1)(E), (2), (3), or (4) of section 237(a)), or both.

Nothing in this section shall make it a violation to take proper steps for the purpose of securing cancellation of or exemption from such order of removal or for the purpose of securing the alien's release from incarceration or custody.

Any action Immigration and Customs Enforcement may take to obtain a travel document for your departure or to remove you will *NOT* relieve you of the liability for compliance with the provisions of law referred to in the first paragraph above.

\*     Section 241(a)(1)(C) provides for the extension of the statutory removal period if the alien refuses, during the removal period, to make application in good faith, for a travel or other document necessary for the alien's removal or departure or conspires or acts to prevent the alien's removal subject to an order of removal.

| Date Order Final: | Ordered Removed under Section: |
|---|---|
| 4/12/11 | 212(a)(2)(A)(i)(I), 212(a)(2)(A)(i)(II) of the INA |

<table>
<tr><td colspan="3" align="center">**Record of Service**<br>(Check method used)</td></tr>
<tr><td colspan="2" align="center">(    )      **Record of Personal Service**</td><td></td></tr>
<tr><td colspan="2">Served By:  (Print Name and Title of Officer)</td><td>Date: 2/13/11</td></tr>
<tr><td>Officer's Signature:</td><td colspan="2">Location of Service:  Hudson County Jail</td></tr>
<tr><td colspan="2">Served On:  (Alien's Signature)</td><td>Date:</td></tr>
<tr><td>(    ) ✓      **Warning administered in Court**<br>(Copy of order attached)</td><td colspan="2">Record of Personal Service (Cont.)</td></tr>
<tr><td>(    )      **Certified Mail Service**</td><td colspan="2">Fingerprint of Alien  (Specify finger used)</td></tr>
<tr><td colspan="2" align="center">Attach certified mail receipts here.</td><td></td></tr>
</table>

Form I-229(a)
(Revised 12/04/02)

# INSTRUCTION SHEET TO DETAINEE REGARDING REQUIREMENT TO ASSIST IN REMOVAL

The following is a list of things you are required to complete within 30 days of receiving this form, in order comply with your obligation to assist in obtaining a travel document:

*Mandatory requirements will be checked off by the INS officer depending on the facts of each case.*
*Failure to comply or provide sufficient evidence of your inability to comply, may result in the extension of the removal period and subject you to further detention. In addition, you may be subject to criminal prosecution. If you need assistance in complying with any of the requirements, please contact a Deportation Officer.*

⊗ Submit passports (current and expired) to ICE. If you have a copy of your passport, you are to submit it.

⊗ Apply for a travel document/passport from your embassy or consulate, or directly from your government in your native country, or any other embassy or consulate of your native country in another country.

⊗ Comply with all instructions from all embassies or consulates requiring completion of documentation for issuance of a travel document.

⊗ Submit to ICE birth certificates, national identification cards, and any other document issued by a foreign government indicating your citizenship, nationality, place of birth, and place of residence prior to entering the United States.

⊗ Provide names and addresses of family and friends residing in the United States and request that they contact your embassy or consulate in the United States, in order to facilitate the issuance of a travel document.

⊗ Provide names and addresses of family and friends residing in your country of citizenship and request family and friends residing abroad contact your government in reference to issuing a travel document.

⊗ You are required to take measures to request reinstatement of your previous nationality, register as required, or take any other action that will ensure the issuance of a travel document and your removal from the United States.

⊗ Provide ICE with written copies of requests to embassies or consulates requesting issuance of a travel document.

⊗ Provide ICE with written copies of responses from embassies or consulates regarding your requests.

⊗ Solicit permission from another country, which may be able to accept you, to enter that country to effect your removal from the United States.
Other:_____.

Alien's Signature_____ A Number 036707117

Served by: _____ on _____ at Hudson County Jail
       Officer's Name              Date        Location

**To be served with I-229 (a) no later than 30 days after the final order**

(Rev 10/24/02)

S. Department of Homeland Security
Immigration and Customs Enforcement

**Warning for Failure to Depart**

| Name: | District Office: | File #: |
|---|---|---|
| ROBERTS, Neil Winslow | VRK/NYC | 036707117 |

Section 243(a) of the Immigration and Nationality Act provides, in part, that:

Any alien against whom a final order of removal is outstanding by reason of being a member of any of the classes described in section 237(a) who--

(A)   willfully fails or refuses to depart from the United States within a period of 90 days* from the date of the final order of removal under administrative processes, or if judicial review is had, then from the date of the final order of the court,

(B)   willfully fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure,

(C)   connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering the alien's departure pursuant to such, or

(D)   willfully fails or refuses to present himself or herself for removal at the time and place required by the Attorney General pursuant to such order,

shall be fined under title 18, United States Code, or imprisoned not more than four years (or 10 years if the alien is a member of any of the classes described in paragraph (1)(E), (2), (3), or (4) of section 237(a)), or both.

Nothing in this section shall make it a violation to take proper steps for the purpose of securing cancellation of or exemption from such order of removal or for the purpose of securing the alien's release from incarceration or custody.

Any action Immigration and Customs Enforcement may take to obtain a travel document for your departure or to remove you will NOT relieve you of the liability for compliance with the provisions of law referred to in the first paragraph above.

*   Section 241(a)(1)(C) provides for the extension of the statutory removal period if the alien refuses, during the removal period, to make application in good faith, for a travel or other document necessary for the alien's removal or departure or conspires or acts to prevent the alien's removal subject to an order of removal.

| Date Order Final:<br>4/12/11 | Ordered Removed under Section:<br>212(a)(2)(A)(i)(I), 212(a)(2)(A)(i)(II) of the INA |
|---|---|

### Record of Service
(Check method used)

### Record of Personal Service

| (   ) | | Date: |
|---|---|---|
| Served By: (Print Name and Title of Officer)<br>_Cemes_ | | 2/4/11 |

| Officer's Signature: | Location of Service: Hudson County Jail |
|---|---|

| Served On: (Alien's Signature) | Date:<br>2/4/11 |
|---|---|

| (   ) | **Warning administered in Court**<br>(Copy of order attached) | Record of Personal Service (Cont.) |
|---|---|---|
| (   ) | **Certified Mail Service** | Fingerprint of Alien  (Specify finger used) |

Attach certified mail receipts here.

Form I-229(a)
(Revised 12/04/02)

# INSTRUCTION SHEET TO DETAINEE REGARDING REQUIREMENT TO ASSIST IN REMOVAL

The following is a list of things you are required to complete within 30 days of receiving this form, in order comply with your obligation to assist in obtaining a travel document:

*Mandatory requirements will be checked off by the INS officer depending on the facts of each case. Failure to comply or provide sufficient evidence of your inability to comply, may result in the extension of the removal period and subject you to further detention. In addition, you may be subject to criminal prosecution. If you need assistance in complying with any of the requirements, please contact a Deportation Officer.*

⊗ Submit passports (current and expired) to ICE. If you have a copy of your passport, you are to submit it.

⊗ Apply for a travel document/passport from your embassy or consulate, or directly from your government in your native country, or any other embassy or consulate of your native country in another country.

⊗ Comply with all instructions from all embassies or consulates requiring completion of documentation for issuance of a travel document.

⊗ Submit to ICE birth certificates, national identification cards, and any other document issued by a foreign government indicating your citizenship, nationality, place of birth, and place of residence prior to entering the United States.

⊗ Provide names and addresses of family and friends residing in the United States and request that they contact your embassy or consulate in the United States, in order to facilitate the issuance of a travel document.

⊗ Provide names and addresses of family and friends residing in your country of citizenship and request family and friends residing abroad contact your government in reference to issuing a travel document.

⊗ You are required to take measures to request reinstatement of your previous nationality, register as required, or take any other action that will ensure the issuance of a travel document and your removal from the United States.

⊗ Provide ICE with written copies of requests to embassies or consulates requesting issuance of a travel document.

⊗ Provide ICE with written copies of responses from embassies or consulates regarding your requests.

⊗ Solicit permission from another country, which may be able to accept you, to enter that country to effect your removal from the United States.

Other:_____.

Alien's Signature_____ A Number 036707117

Served by:_____ on ___7/7/11___ at Hudson County Jail

Officer's Name           Date       Location

**To be served with I-229 (a) no later than 30 days after the final order**

(Rev. 10/24/02)

# EXHIBIT - E



U.S. Department of Homeland Security
26 Federal Plaza, Suite 1105
New York, NY 10278

**U.S. Immigration
and Customs
Enforcement**

ROBERTS, Neil Winslow                                       A036 707 117
C/O Hudson County Jail
35 Hackensack Avenue
Kearny, NJ  07032

### Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined
that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE)
at this time. This decision has been made based on a review of your file and/or your personal
interview and consideration of any information you submitted to ICE's reviewing officials.

A review of your immigration history indicates that you applied for admission into the United States
on December 30, 2007 at New York, NY as a returning Lawful Permanent Resident. On January 26,
2010, you were taken into ICE custody, served with a Notice to Appear (NTA), and charged under
Sections 212(a)(2)(A)(i)(I), 212(a)(2)(A)(i)(II) of the Immigration and Nationality Act (INA). On
November 1, 2010, the Immigration Judge (IJ) ordered you removed to Guyana. On November 30,
2010, you filed an appeal with the Board of Immigration Appeals (BIA). The appeal was dismissed
on April 12, 2011. On May 3, 2011, you filed a Petition for Review (PFR) with the US Second
Circuit Court of Appeals. The PFR is currently pending, and a Stay of Removal remains in effect.

You were advised in advance of this pending Post Order Custody Review and you did provide
documentation in support of your release.

A review of your criminal history indicates that you have several convictions from July 5, 1989
through December 11, 2002, ranging from Assault to Attempted Sale Controlled Substance.
Sentences ranged from conditional discharge to 5 years probation.

ICE is in possession of your expired passport and will send a presentation to the Consulate General
of Guyana in Washington, D.C. to procure a travel document upon the adjudication of your Petition
for Review. It appears a document will be issued by the Guyana embassy.

Based on the aforementioned factors, you are to remain in ICE custody pending the issuance of a
travel document. You are advised that you must demonstrate that you are making reasonable efforts
to comply with the order of removal and that you are cooperating with ICE's efforts to remove you
by taking whatever actions ICE requests to effect your removal. You are also advised that any
willful failure or refusal on your part to make timely application in good faith for travel or other
documents necessary for your departure, or any conspiracy or actions to prevent your removal or
obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC
Section 1253(a).

**Decision of Post Order Custody Review – Detain**
A036 707 117, ROBERTS, Neil Winslow
Page 2


If necessary, another review of your custody will be conducted by ICE within a year of the date of this notice.  It is in your best interest to maintain proper behavior while awaiting this review.  If you have any questions, please contact:  Deportation Officer J. Rodriguez, at 201 Varick Street, Room # 1219, and New York, NY 10014.


_____ (W DFO)               7-7-2011
Christopher Shanahan, Field Office Director               Date